**VIRGO CORPORATION, Plaintiff**

**v.**

**RALPH M. PAIEWONSKY, Governor, et al., Defendants**

Civil No. 165-1965

District Court of the Virgin Islands

Div. of St. Croix

October 10, 1966

*See, also, 259 F.Supp. 26*

RUSSELL B. JOHNSON, Christiansted, St. Croix, Virgin Islands; HOWREY, SIMON, BAKER and MURCHISON, (WILLIAM SIMON and J. COLEMAN BEAN, of counsel), *for plaintiff*

FRANCISCO CORNEIRO, St. Thomas, Virgin Islands, *for defendants*

GORDON, *District Judge*

Plaintiff has made application to defendants under Title 33, V.I.C., chapter 201, for certain tax benefits in connection with the operation of their business in the Virgin Islands. By previous order of this Court the Industrial Incentive Board was ordered to act upon plaintiff's application within fifteen days and the Governor to make his determination within a reasonable period of time thereafter.

## I

The Industrial Incentive Board did act and the Governor did make his determination, the results of which were forwarded to plaintiff from the Governor by his letter to plaintiff dated September 16, 1966. The letter reads as follows:

"September 16, 1966: Everett Birch, Esquire, President, Virgo Corporation, P.O. Box 1239, St. Thomas, Virgin Islands, Dear Mr. Birch: Section 4001, Title [33] of the Virgin Islands Code provides that it is the policy of the Government of the Virgin Islands that tax exemption and subsidy benefits be made available for the promotion of such industrial or business activities as may be determined will promote the public interest by economic development of the Virgin Islands, and the establishment or expansion of which require the stimulus of such governmental assistance.

By letter of July 11, 1966 the Virgin Islands Industrial Incentive Board has recommended to me the granting of nontaxable subsidy, equal to 90 percent of the amount (without deduction of administrative costs of collection) of import duties paid into the Treasury of the Virgin Islands by Virgo Corporation on raw materials brought into the Virgin Islands by the said corporation in connec-

419

tion with its business activities in the manufacturing of watches. After due deliberation, I hereby disapprove the recommendation of the Board and the application for benefits is, accordingly, denied, for the reason that the corporation, as evidenced by its substantial profit return, does not require the stimulus of governmental assistance as provided for by the law. Sincerely, Ralph M. Paiewonsky, Governor"

Plaintiff has brought a motion for an order to reopen the proceedings and to compel the defendants to grant plaintiff the tax benefits it has applied for.

The Governor has set forth his denial stating as the sole reason "as evidenced by its substantial profit return that (plaintiff) does not require the stimulus of governmental assistance as provided by law".

Title 33, Virgin Islands Code, chapter 201, subchapter I, Declaration of Policy, section 4001(a) provides:

"(a) The objective of the provisions of this subtitle is to promote the economic development of the Virgin Islands by the offering of certain incentives to the establishment or expansion of industries or businesses. To this end, it is the policy of the Government of the Virgin Islands that tax exemption and subsidy benefits be made available for the promotion of such industrial or business activities as may be determined will promote the public interest by economic development of the Virgin Islands, and the establishment of expansion of which require the stimulus of such governmental assistance. Accordingly, it is hereby declared that in the interests of the public welfare exemptions from payment of certain taxes or fees and the granting of certain subsidies be allowed to beneficiaries qualifying in accordance with the provision hereof."

Title 33, Virgin Islands Code, chapter 201, subchapter II, Qualifying Beneficiaries, section 4041, provides in part:

"A person, firm, or corporation, engaged in or about to engage in an industrial or business activity in the Virgin Islands, which industrial or business activity, in the judgment of the Governor of the Virgin Islands will promote the public interest by economic development of the Virgin Islands, may apply for the same, if such person, firm, or corporation meets the following requirements:"

It should be noted that subchapter I, section 4001, sets forth the legislative policy with respect to the granting of tax benefits. The second sentence therein clearly shows a mandatory intention on behalf of the Legislature for the granting of the benefits when it says ". . . that tax exemption and subsidy benefits *be made* available . . . ." (Italics provided.) The sentence continues and shows legislative intention to allow discretion as to whom shall receive such benefits when it says "as may be determined will promote the public interest by economic development of the Virgin Islands, and . . .". It is important to note that at this point the remainder of the sentence is separated by a comma. The discretionary guide line ends with the comma and a separate element of legislative intent with respect to the basis that the benefits be made available is then set forth. That separate element is to make the tax benefits available to companies that require the tax benefits to stimulate their establishment or expansion in the Virgin Islands. This later element is not prefaced by the discretionary phrase "as may be determined" nor any equivalent. While it is reasonable to interpret that the Legislature intended that the Virgin Islands Government could determine what would promote the public interest by economic development of the Virgin Islands it would be a more reasonable interpretation that the Legislature intended that the prospective business would determine if it would be stimulated to establish in the Virgin Islands because of the tax benefits rather than that some one else would determine if the business would or would not be so stimulated.

This interpretation of section 4001 is affirmed by the more pertinent section 4041. It is section 4041 that actually sets forth the requirements. Subchapter I merely dealt with policy. Subchapter II makes the provisions for qualification (more particularly section 4041 therein). In the introductory paragraph of the requirements section (§ 4041)

the Legislature restates the discretionary element previously referred to in section 4001. It places the discretion with the Governor. However, it is to be noted that in restating the discretion to be used, the Legislature has limited the discretion, to that which the Governor determines will promote the public interest by economic development of the Virgin Islands. The Legislature did not repeat in the requirements section the element ". . . and the establishment or expansion of which require the stimulus of such governmental assistance". It therefore is quite clear that the Legislature intended the Governor to use his discretion only to determine if the business will promote the public interest by economic development of the Virgin Islands.

The Governor's decision was infected by an error of law and for that reason said decision is ordered set aside.

## II

Plaintiff requests the Court to direct the defendants to grant plaintiff the benefits applied for. That, this Court cannot do. This Court's power to review under chapter 201 was specifically set forth by the Third Circuit Court of Appeals when it said:

"We conclude that the district court exceeded its power when it ordered the Government to grant to the Corporation the tax exemption and subsidy benefits which the Governor had denied it. But all this is not to say that the Court was without power to review the action of the Board and the Governor in order to determine whether any error of law infected their proceedings or decision and to set aside the Governor's decision if such error was found and remand the case for further proceedings in accordance with the applicable rules of law properly applied. Section 1421 et seq. of Title 5 V.I.C. gives the Court this power." King Christian Enterprises, Inc. v. The Government of the Virgin Islands, 345 F. 633.

For the above reasons the application is remanded to the Governor for further proceedings in accordance with

the applicable rules of law properly applied and consistent with this Court's decision.